### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FARMERS ALLIANCE MUTUAL** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-CV-0532-CVE-FHM |
| ) | |
| **EDWARD WILLINGHAM, JR and** ) | |
| **JOYCE WILLINGHAM,** ) | |
| ) | |
| **Defendants.** ) | |

### OPINION AND ORDER

Now before this Court is plaintiff's Complaint for Declaratory Judgment (Dkt. # 2). Plaintiff filed an action pursuant to 28 U.S.C. § 2201, seeking a declaratory judgment regarding its liability under defendants' insurance policy.

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The party seeking to invoke federal jurisdiction must allege facts sufficient to establish such jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178 (1936). Federal courts have diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For the purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and its principal place of business, 28 U.S.C. § 1332(c)(1), and an individual is a citizen of the state in which he or she is domiciled, Robertson v. Cease, 97 U.S. 646, 648 (1878).

Plaintiff's complaint contains the following statement regarding this Court's jurisdiction: "[t]his is a declaratory judgment action filed pursuant to 28 U.S.C. § 2201.[1] That, accordingly, this court has jurisdiction of the parties herein . . . ." Dkt. # 1, at 1. The complaint also states that plaintiff is a Kansas corporation and defendants are residents of Oklahoma.

Plaintiff's complaint does not contain sufficient facts to establish this court's diversity jurisdiction.[2] It does not provide plaintiff's principal place of business, nor does it allege an amount in controversy. Because of these deficiencies, this Court cannot determine whether it has jurisdiction over this matter.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. This statute allows a party to amend a pleading that contains inadequate allegations of jurisdiction, but not to amend a pleading to create jurisdiction that did not exist at the time the complaint was filed. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830-31 (1989). If the party cannot cure the defective jurisdictional allegations, then a federal court must dismiss the complaint for lack of jurisdiction. See id. at 832. In order to avoid dismissing plaintiff's complaint "on technical grounds," Brennan v. University of Kansas 451 F.2d 1287, 1289 (10th Cir. 1971) (describing the purpose of §1653), this Court will grant plaintiff leave to amend its complaint to allege the facts necessary to establish diversity jurisdiction. However, if the plaintiff cannot show

---

[1] Section 2201 is not a basis for federal jurisdiction. A person seeking a remedy under the statute must have an independent basis for federal jurisdiction. Schulke v. U.S., 544 F.2d 453, 455 (10th Cir. 1976) ("one seeking relief under [§2201] must establish a separate and independent basis for jurisdiction").

[2] From the face of the complaint it is clear that the plaintiff has no basis upon which to invoke federal question jurisdiction.

2

that jurisdiction existed at the time the complaint was filed, this Court must dismiss the action for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff shall file an amended complaint alleging facts sufficient to establish this Court's jurisdiction no later than **noon on October 16, 2009.**

**DATED** this 15th day of October, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT