**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Case No. 08-CV-0532-CVE-FHM<br>) |
| EDWARD WILLINGHAM, JR. and JOYCE WILLINGHAM, | )<br>)<br>) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is the suggestion of lack of subject matter jurisdiction, contained in Joyce Willingham's answer to the amended complaint (Dkt. # 53). The Court ordered plaintiff to amend its complaint to allege facts sufficient to establish this Court's jurisdiction, Dkt. # 43, and plaintiff filed an amended complaint (Dkt. # 44) on October 15, 2009. Defendant Joyce Willingham suggests in her answer to the amended complaint (Dkt. # 53) that this case should be dismissed for lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000, and because there is no justiciable controversy between plaintiff and Edward Willingham.

Plaintiff's amended complaint alleges that the amount in controversy exceeds $75,000, and seeks a declaratory judgment that plaintiff has no duty to defend or indemnify the defendants against a pending state civil suit. Joyce Willingham argues that the amount in controversy does not exceed $75,000 because the plaintiffs in the pending civil suit seek damages "in excess of Ten Thousand Dollars," and "no demand is made against her exceeding $60,000." Dkt. # 53, at 1-2. This argument is unavailing. Even if Joyce Willingham's maximum liability in the state suit were to be $60,000, this would not mean that the amount in controversy is legally certain to be less than $75,000.

Plaintiff seeks a declaratory judgment regarding its duties to indemnify <u>and defend</u>. It is not legally certain that plaintiff's costs of defending Joyce Willingham in the state suit would not exceed $15,000 (or, for that matter, $75,000).[1]  The Court has subject matter jurisdiction over plaintiff's claim against Joyce Willingham because there is complete diversity of parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

Joyce Willingham's argument regarding the claim against Edward Willingham is somewhat incomprehensible.  If Edward Willingham wishes to argue that this Court lacks the power to adjudicate the claim against him, he may do so.  However, the document at issue here was presented by defendant Joyce Willingham and submitted by counsel for Joyce Willingham only.  <u>See</u> Dkt. # 53. Even if the Court were to find it could not adjudicate the claim against Edward Willingham, this would not affect its adjudication of the claim against Joyce Willingham.  Further, her argument is substantively incorrect.  There is a justiciable controversy regarding plaintiff's duties to Edward Willingham.

> [A] declaratory judgment suit must be "definite and concrete, touching the legal relations of parties having adverse legal interests," must be "'real and substantial' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"  Put differently, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

<u>Surefoot LC v. Sure Foot Corp.</u>, 531 F.3d 1236, 1244 (10th Cir. 2008) (citations omitted).  It is not necessary for Edward Willingham to have made a demand on plaintiff in this case.  <u>See, e.g.</u>, <u>Am. States Ins. Co. v. Bailey</u>, 133 F.3d 363 (determining that a justiciable controversy existed in a

---

[1]  Plaintiff alleges that the applicable policy limit is $300,000. Therefore, the policy limit does not provide a cap on liability that would deprive the Court of jurisdiction.

declaratory judgment action where defendant had not made a demand for defense or indemnity). Plaintiff issued an insurance policy to Edward Willingham, the same policy under which Joyce Willingham made a demand. Edward Willingham is a defendant in the same civil case for which Joyce Willingham has made a demand for defense and indemnity. These facts show that a justiciable controversy exists between plaintiff and Edward Willingham. Plaintiff seeks a specific declaration of the insurance policy's coverage of a specific claim. Plaintiff does not ask for "an opinion advising what the law would be upon a hypothetical set of facts." A declaratory judgment from this court would end the controversy between plaintiff and Edward Willingham. See generally 22A AM. JUR. Declaratory Judgments § 133 ("generally an insurer's action for a declaration that a liability policy does not cover the claims against its insured is a case of actual controversy sufficient to entertain the action for a declaratory judgment;" "a case of actual controversy may arise when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment;" and "where there is a practical likelihood of conditions that will evoke questions as to the scope of liability coverage").

**IT IS THEREFORE ORDERED** that defendant Joyce Willingham's suggestion of lack of subject matter jurisdiction, contained in her answer to the amended complaint (Dkt. # 53) is **denied**.

**DATED** this 28th day of October, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT